UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Joanne Moore,** *et al.***,** | ) | **CASE NO. 1:11 CV 0079** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **City of Cleveland,** *et al.***,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiffs' Motion to Remand (Doc. 3). This is a wrongful death action. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiffs, Joanne Moore, Bobbie Lee Dancy, Dorothy Pollard, Debra Williams, and Kyana Hunt[1], bring this action against defendants, the City of Cleveland, Georgia Hussein, Kristin Rayburn, Michael Baumiller, Antoinette McMahon, unknown detectives of the

---

[1] Plaintiffs bring the claims individually and as the administratrices of the estates of murder victims.

1

Cleveland Police Department, and Loretta Coyne.  Defendants removed this action from state court.

Non-party Anthony Sowell was arrested on December 8, 2008 for rape and assault.  He was released into the community two days later.  After his release, the decedents in this action were murdered and their bodies were subsequently discovered in the Sowell residence.  Anthony Sowell is currently awaiting trial.

Plaintiffs allege that defendant City of Cleveland maintains a policy of "straight release and indict later," whereby the police perform only a cursory investigation within the first 24 to 48 hours.  Rather than presenting evidence of probable cause, defendants release suspects with the idea that "down the road" the case could be presented to the grand jury for indictment.  According to plaintiffs, there was sufficient probable cause to charge Sowell after his arrest on December 8, 2008.  Plaintiffs allege that defendants' failure in this regard resulted in the deaths of the decedents.

The complaint contains four claims for relief.  Count one alleges that defendants acted "willfully, wantonly, and recklessly," and that as a result, the decedents died.  Count two is a claim for negligent infliction of emotional distress.  Count three alleges that the City of Cleveland's straight release policy neglects the safety of the community.  Count four is a claim sounding in negligence.

Plaintiffs move to remand this matter to state court and defendants oppose the motion.

**STANDARD OF REVIEW**

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b), on the grounds that this is a "civil action brought in State court of which the district courts of the United

States have original jurisdiction . . . ." If the Court's jurisdiction is founded on a claim or right arising under the Constitution, treaties or laws of the United States, the action is removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b). The party seeking removal bears the burden of demonstrating that the Court has jurisdiction. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Any doubt as to whether removal is proper must be resolved in favor of remand. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Whether an action arises under federal law is determined by reference to plaintiffs' well-pleaded complaint. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). *See also*, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)). Under this rule, a case "arises under" federal law for purposes of § 1331 "when it is apparent from the face of the plaintiff's complaint either that the plaintiff's cause of action was created by federal law; or if the plaintiff's claim is based on state law, a substantial, disputed question of federal law is a necessary element of the state cause of action." *Michigan Southern Railroad Co. v. Branch & Joseph Counties Rail Users Association*, *Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citations omitted).

## **ANALYSIS**

Defendants argue that federal jurisdiction exists over this matter because plaintiffs engaged in "artful pleading." Specifically, defendants argue that the complaint references unlawful "police policies and practices," which is "only cognizable as a federal claim." According to defendants, plaintiffs have artfully avoided pleading a 42 U.S.C. § 1983 claim. Defendants claim that state law provides immunity to defendants as the providers of police

services. Therefore, defendants argue that the only remaining basis for plaintiffs' claim must lie in federal law. According to defendants, count three provides the basis for federal jurisdiction. Plaintiffs allege that

> the City of Cleveland has a policy and practice which encourages the straight release of dangerous suspects, that the City has been put on notice that as a result of the alleged practice others have been victimized by individuals who have been straight released, and that the alleged practice caused the deaths of plaintiffs' decedents.

Defendants argue that these allegations track the elements of a Section 1983 claim asserted pursuant to *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978).

In response, plaintiffs argue that federal jurisdiction does not exist over this matter because there is no underlying federal or constitutional violation alleged. Specifically, plaintiffs argue that the unlawful police "policy or practice" must result in a federal or constitutional violation of the plaintiffs' rights. Plaintiffs argue that they have alleged no such violation. Nor do defendants even attempt to point to an underlying federal violation. Thus, federal jurisdiction does not exist. Plaintiffs argue that the Court need not address whether state statutory immunity exists with respect to plaintiffs' claims as this is the function of the state court.

Upon review, the Court concludes that federal jurisdiction does not exist over this matter. In order to state a claim under Section 1983, plaintiffs must allege that the police "policy or practice" resulted in a violation of the plaintiff's federal statutory or constitutional rights. See 42 U.S.C. § 1983; *See also, Monell*, 436 U.S. 658, 690 ("the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution"); *Pusey v. City of Youngstown*, 11 F.3d 652, 659 (6th Cir. 1993)("Municipal liability arises under section 1983 for *unconstitutional* policies or customs"). In this case, plaintiffs do not allege that the City's policy of "straight release" resulted in a

4

violation of the federal rights of the plaintiffs.  Rather, the allegations clearly state that the policy or practice violates state law.  Thus, while some of the language contained in the complaint might mirror a *Monell*-type claim, the complaint lacks a fundamental element of such a claim, namely an alleged violation of federal law.  Moreover, as plaintiffs correctly point out, defendants make no attempt to identify any federal law violation that would arguably support a Section 1983 *Monell* claim.  Accordingly, federal jurisdiction does not exist over plaintiffs' complaint.[2]

Plaintiffs ask the Court to award fees and costs associated with their motion to remand.  Upon review, the Court denies the request.

### **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Judge

Dated: 3/18/11

---

[2] Having concluded that federal jurisdiction is lacking, the Court will not address whether the complaint states a claim under state law.